UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROOSEVELT LASHAWN WILLIAMS,

      Plaintiff,

v.                                                    Hon. Paul L. Maloney

GOOGLE, INC., et al.,                               Case No. 1:26-cv-1471

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Roosevelt Lashawn Williams filed a pro se complaint on May 4, 2026, against Google, Inc. (named as Google Corporation), Facebook Meta, David Crash Partain, and City-Data.com invoking the Court's federal question and diversity jurisdiction. (ECF No. 1.) Williams alleges that Defendants have used his name without authorization and he seeks an injunction directing Defendants to remove his name from their databases and to refrain from further unauthorized use of his name. He also requests compensatory damages. (ECF No. 1 at PageID.29.)

On  May 6, 2026, I granted Williams' motion to proceed *in forma pauperis*. (ECF No. 5.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. For the following reasons, I recommend that the Court dismiss the complaint because it fails to state a claim upon which relief can be granted.

### I.  Background

Williams alleges that he sent a series of notices to Defendants Google, City-Data.com, and Facebook Meta advising them of Privacy Act violations and unauthorized use of his intellectual

property. (*Id.* at PageID.7.) He alleges that on May 5, 2025, he sent a Privacy Act of 1974 Violation

Notice to Google. (*Id.*) Google acknowledged receipt of his notice on October 16, 2025. (*Id.*)

Williams alleges that on "numerous occasions" he sent notices to City-Data.com advising it that it

had violated intellectual property rights laws and his privacy rights under the United States

Constitution through its use of his intellectual property. The notices also demanded that City-

Data.com cease further use of his intellectual property and remove it from its website. (*Id.*) Finally,

Williams alleges that on March 14, 2026, and on numerous other occasions, he sent similar notices

to Facebook Meta, but it constantly responds that it has violated no law or policy. (*Id.*) Although

Williams does not identify his intellectual property in his complaint, he does so in his Privacy Act

of 1974 Violation Notice to Google (ECF No. 1-1) and his Common Law Copyright Notice (ECF

No. 1-6): his name, Roosevelt Lashawn Williams.[1]

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure

to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations

and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

---

[1] Williams makes no factual allegations about Defendant David Crash Partain in his complaint, which provides a separate basis for dismissal as to this Defendant.

has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Williams is proceeding pro se, the Court must construe his pleading more liberally than is usually the case for formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. Appx 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

### III.  Discussion

Although the complaint contains an extensive discussion of laws pertaining to intellectual property, Michigan's Uniform Commercial Code, the United States Constitution, and various privacy laws, Williams fails to allege any cognizable claim.

Turning first to Williams's Privacy Act Notice (ECF No. 1-1), he cannot maintain a Privacy Act violation as that law "applies to federal agencies, not private entities," such as Defendants. *Sharwell v. Best Buy*, No. 00-3206, 2000 WL 1478341, at *2 (6th Cir. Sept. 26, 2000); *see also Williams v. First Merit Bank*, No. 5:05CV1939, 2005 WL 2416933, at * (N.D. Ohio Sept. 30, 2005) ("By the express terms of the statute, the Privacy Act only applies to federal agencies, not private entities.").

Next, despite Williams's numerous references to the United States Constitution in both his Privacy Act Notice and in his complaint, Defendants cannot be held liable for violating the constitution because they are not state actors. Courts have repeatedly dismissed constitutional claims against Google, Facebook, and other social media companies on the basis that they are private companies not subject to suit under Section 1983. *See Handlon v. Google, Inc.*, No. 23-13795, 2024 WL 4824355, at *1 (11th Cir. June 18, 2024) (observing that "any appeal of the district court's orders would be frivolous" because "Google's conduct was that of a private entity, and Handlon failed to allege facts that would render it a state actor for the purposes of a § 1983 suit"); *McWaters v. Houston*, No. 2:21-cv-57, 2022 WL 395309, at *11 (M.D. Ala. Feb. 8, 2022) (noting that "Facebook, as a social media company, does not become a state actor based solely on the availability of its social media network to the public, even if Facebook is alleged to have discriminatorily regulated speech on its forum"); *Rutenburg v. Twitter, Inc.*, No. 4:21-CV-00548-YGR, 2021 WL 1338958, at *2 (N.D. Cal. Apr. 9, 2021) ("It is undisputed that Twitter is a private

4

company.") (citing, among others, *Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018), *aff'd*, 951 F.3d 991 (9th Cir. 2020) (concluding that YouTube did not perform a public function simply by hosting speech on a private digital-video platform for the public); *Nyabwa v. Facebook*, No. 2:17-CV-24, 2018 WL 585467, at *1 (S.D. Tex. Jan. 26, 2018) (finding that the plaintiff had failed to state a First Amendment claim because Facebook was not the government); *Kinderstart.com LLC v. Google, Inc.*, No. C06-2057, 2007 WL 831806, at *13–15 (N.D. Cal. Mar. 16, 2007) (holding that Google was not a state actor for constitutional claims); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631–32 (D. Del. 2007) (ruling that Google is a private entity not subject to the plaintiff's constitutional claims)). Because Defendants are private companies and a private individual, and because Williams alleges no fact indicating how they became state actors for purposes of Section 1983, *see Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982), he fails to state any constitutional claim. Moreover, even if Defendants could be considered state actors—which they are not—Williams fails to allege how their use of his name that is in the public domain violated the constitution.

Next, Williams fails to state a claim under the Lanham Act. The Lanham Act defines a trademark as "any word, name, symbol, or device or any combination thereof" used by a person "to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. §1127. To state a claim for trademark infringement, "a plaintiff must allege facts establishing that: (1) it owns the . . . trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Williams does not come close to alleging a Lanham Act claim. He does not allege that he uses his name to identify and distinguish a good or service from those manufactured or sold by Defendants.

5

Moreover, nothing in his complaint alleges that Defendants' use of his name is likely to cause confusion. Rather, his concern appears to be that Defendants have identified him as a registered sex offender—a true and publicly-known fact. (ECF No. 1-3.) However, "courts have consistently held that a plaintiff cannot make out a claim for infringement where, as here, the use of a mark is for the purpose of identifying the markholder." *Manchanda v. Google*, No. 16-CV-3350, 2016 WL 6806250, at *4 (S.D.N.Y. Nov. 16, 2016) (citing *Cintas Corp. v. Unite Here*, 601 F. Supp. 2d 571, 579 (S.D.N.Y. 2009), *aff'd*, 355 F. App'x 508 (2d Cir. 2009)).

Next, Williams appears to allege claims for copyright infringement under the Copyright Act and common law. Williams has no claim for infringement under the Copyright Act because he does not allege that he obtained a copyright registration for his name prior to filing his complaint. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) ("[A]lthough an owner's rights exist apart from registration, . . . registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."). More problematic for Williams, though, is that he cannot obtain a copyright registration for his name. 37 C.F.R. § 202.1(a); *see also Trapp v. Holder*, No. 2:14-CV-12235, 2014 WL 2780079, at *1 (E.D. Mich. June 19, 2014) ("A person's name or likeness is not considered a 'work of authorship' within the meaning of the Copyright Act, and is therefore not subject to copyright protection." (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir.2001))); *see also Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 623 (6th Cir. 2000) (noting that "personal identity" is "an inchoate 'idea' which is not amenable to copyright protection"). Finally, Williams has no common law copyright infringement claim because "[t]he Copyright Act of 1978 . . . preempted the doctrine of common law copyrights." *Buemi v. Lewis*, No. 94-4156, 1995 WL 149107, at *2 (6th Cir. Apr. 4, 1995); *see also Univ. of Pittsburgh v.*

6

*Townsend*, No. 3:04-CV-291, 2004 WL 7338343, at *2 (E.D. Tenn. Dec. 13, 2004) ("The plain meaning of [17 U.S.C.] § 301 is that the Act abolished common law copyright by preemption.").

Williams also refers to Article Nine of Michigan's Uniform Commercial Code and attaches a UCC-1 Financing Statement identifying Williams as the secured party and R.L. Williams (himself) as the debtor and purporting to list his name as the collateral.[2] Any suggestion that such document creates any cause of action against Defendants is frivolous.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Williams appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  May 18, 2026                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

---

[2] To the extent Williams asserts the Uniform Commercial Code as a state-law claim, he fails to properly allege diversity jurisdiction as nothing in the compliant indicates that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, Williams fails to allege complete diversity as he does not list Defendant Partain's citizenship.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).