UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,                   )
                            Plaintiff,         )
                                                       )         No. 1:26-cv-1471
-v-                                           )
                                                       )         Honorable Paul L. Maloney
GOOGLE, INC., *et al.*,                       )
                           Defendants.       )
                                                        )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Williams sued Google, Facebook and several other similar internet entities. Plaintiff contends he owns intellectual property rights to his name.  Plaintiff asserts that, by including his name on various websites, the defendants have infringed on his property. Plaintiff proceeds without the assistance of counsel and the court granted his request to proceed without the prepayment of the filing fee.

The Magistrate Judge conducted a review of the complaint.  The Magistrate Judge then issued a report recommending the court dismiss the complaint because the factual allegations failed to state any cause of action for which a court might grant relief.  ECF No. 7.  Plaintiff filed objections.  ECF No. 8.  The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1.  The majority of Plaintiff's objections fail to identify any error of fact or law in the report and recommendation.  The Magistrate Judge identifies each cause of action and then explains why the complaint fails to state a claim.  With one exception, Plaintiff does not address the specific deficiencies identified in the report and recommendation.

2.  For the copyright infringement claim, the Magistrate Judge finds that Plaintiff does not allege that he obtained a copyright registration for his name before filing the complaint.  Plaintiff does specifically object to this finding.  As part of his objection, Plaintiff attaches a Fictitious Name Certificate purportedly issued by the State Corporation Commission of the Commonwealth of Virginia.  ECF No. 8-1 PageID.83.

The court overrules Plaintiff's objection concerning the copyright claim.  First, Plaintiff did not plead the existence of any copyright property interest based on a Fictitious Name Certificate.  In his complaint, Plaintiff pleads that he possessed intellectual property based on UCC financing statements, something the Magistrate Judge rejected. Second, Plaintiff has not provided the court with any legal authority to support the conclusion that the Fictitious Name Certificate issued by the state of Virginia established intellectual property that would be protected by the Copyright Act or by common law.  *See, e.g., Old Town Funeral Choices v. Northern Virginia Funeral Choices, Inc.*, No. 161875, 55 Va. Cir. 459, 2000 WL 33316520, at *5 (Va. Cir. Ct. Aug. 15, 2000) (finding that a fictitious name

certificate "did not, standing alone, prevent others from using the name. ... Any number of persons or entities can file a fictitious name certificate for the same assumed name.").

3.  Plaintiff asks the court to clarify whether the dismissal would be for lack of subject matter jurisdiction or something else.  If the reason for dismissal is a lack of jurisdiction, Plaintiff argues the dismissal should be without prejudice.

The court overrules this objection.  The Magistrate Judge makes clear that the claims should be dismissed for the failure to state a claim, and the dismissal should be with prejudice.

Accordingly, the court **ADOPTS** the report and recommendation, ECF No. 7, and **DISMISSES** Plaintiff's claims for failing to state a claim.  **IT IS SO ORDERED.**


Date:    June 10, 2026                              /s/  Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge